J-S58002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUAYVON LAMAR HARRIS | : | |
| | : | |
| Appellant | : | No. 1103 WDA 2017 |

Appeal from the Judgment of Sentence May 26, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003917-2016

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    FILED DECEMBER 4, 2018

Appellant, Quayvon Lamar Harris, appeals from the judgment of sentence entered on May 26, 2017 in the Criminal Division of the Court of Common Pleas of Erie County. We affirm.

On September 11, 2016, police officers were dispatched to the area of 10th Street and Gilson Avenue in Erie, Pennsylvania following several reports that multiple gunshots had been discharged at a youth football game. After investigation, the Erie County District Attorney's Office filed a criminal information charging Appellant with three counts of aggravated assault (18 Pa.C.S.A. § 2702(a)(4)), one count of firearms not to be carried without a license (18 Pa.C.S.A. § 6106(a)(1)), one count of possession of a weapon (18 Pa.C.S.A. § 907(b)), and three counts of recklessly endangering another person (REAP) (18 Pa.C.S.A. § 2705). At the conclusion of trial on April 6, 2016, a jury found Appellant guilty of firearms not to be carried without a

license, possession of a weapon, and three counts of REAP. On May 26, 2017, the trial court sentenced Appellant to an aggregate term of four to 11 years in prison.

On June 5, 2017, Appellant, through counsel, requested various post-sentence relief, including a new trial. After a hearing on June 26, 2017, the trial court denied Appellant's motions. Appellant filed a timely notice of appeal on July 26, 2017. Pursuant to Pa.R.A.P. 1925(b), the trial court, on July 31, 2017, directed Appellant to file and serve a concise statement of errors complained of on appeal. Appellant filed his concise statement on August 21, 2017 and the trial court issued its opinion on September 21, 2017.

On appeal, Appellant claims that the jury's verdict was against the weight of the evidence. Specifically, Appellant argues that the Commonwealth's chief witness, Maurice DeBoe, gave inconsistent testimony regarding the identity of the shooter and, therefore, the Commonwealth's evidence failed to link Appellant to the charged offenses. We disagree.

When considering a challenge to the weight of the evidence offered in support of a criminal conviction, our standard of review is well settled.

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of

the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

Commonwealth v. Windslowe, 158 A.3d 698, 712 (Pa. Super. 2017) (quotations omitted), appeal denied, 171 A.3d 1286 (Pa. 2017). "To successfully challenge the weight of the evidence, a defendant must prove the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court." Id. (citations and internal quotations omitted).

In rejecting Appellant's challenge to the weight of the evidence, the trial court reasoned as follows.

[T]he jury's conviction of Appellant for firearms not to be carried without a license, possession of a weapon and recklessly endangering another person is not against the weight of the evidence. The jury heard from several witnesses, including patrolman David Madurski, Nicholas Reinhart and Tammy Page, and these witnesses' testimony was consistent – September 11, 2016, a black male wearing a white shirt and dark pants engaged in a verbal altercation with three (3) other individuals, and said altercation became physical. Thereafter, the black male ran southward on Gilson Avenue, away from the altercation with no one following him, pulled out a firearm and fired two (2) to three (3) shots northbound towards the other three (3) individuals. The surveillance video footage from the ANNA Wellness Center shows the black male, wearing a white shirt and dark pants, running southward on Gilson Avenue, across 10th Street and into an adjacent parking lot. Furthermore, Maurice DeBoe stated he observed the black male who pulled the firearm and fired the two (2) to three (3) shots, and was able to see this black male's face. On September 13, 2016, two (2) days after the incident, Maurice DeBoe, after viewing a photographic lineup assembled by

Detective Christopher Clement, was able to identify this black male as Appellant Quayvon Lamar Harris.

Appellant argues Mr. DeBoe's testimony was "contradictory and inconsistent" as Mr. DeBoe gave another individual's name – "Malquon" or "Marquice Barnett" – as the possible suspect. However, Mr. DeBoe's testimony contradicts Appellant's assertion. Mr. DeBoe stated that although he could not remember the name of the suspect who pulled the firearm, he did remember seeing the suspect at the football field with his children. Furthermore, Mr. DeBoe did indicate he knew the suspect's father, Tony "Tone" Harris. Moreover, Mr. DeBoe gave the name "Malquon" or "Marquice Barnett" as the individual he had seen with the suspect who pulled the firearm. Finally, after looking through the football paperwork, Mr. DeBoe confirmed the identity of the suspect as Appellant Quayvon Lamar Harris.

Upon consideration of the totality of the evidence presented, including Maurice DeBoe's identification of the suspect and the other witnesses' consistent testimony of the suspect's physical characteristics, the jury had sufficient evidence to convict Appellant of Firearms not to be carried without a License, Possession of a Weapon and Recklessly Endangering Another Person. Furthermore, the jury's verdict is not "so tenuous, vague and uncertain" that said jury verdict shocks the conscience of this Trial Court. Therefore, since the jury, as the finder of fact, gave proper weight to the evidence presented by the Commonwealth, Appellant is not entitled to the relief he seeks.

Trial Court Opinion, 9/21/17, at 7-9 (case citation omitted).

Our review of the certified record reveals that the trial court's assessments enjoy record support. For this reason, we conclude that the trial court properly exercised its discretion in denying Appellant's motion for a new trial based on the weight of the evidence. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2018